**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO DELGADO-SALIZAR, aka Salizar Delgado, Pedro Salizar, Pedro Delgado-Salazar, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-70677 <br><br> Agency No. A092-733-221 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2010[**]
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and BLOCK, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

Pedro Delgado-Salizar petitions for review of a decision of the Board of Immigration Appeals ("BIA"). As the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Delgado-Salizar first contends that the IJ abused his discretion by refusing to grant his motion for a continuance. Delgado-Salizar's attorney told the IJ that she needed the continuance to file paperwork necessary to Delgado-Salizar's request for an adjustment of status. The IJ denied the requested continuance, but granted Delgado-Salizar several additional days to file the required form. That same day, IJ denied Delgado-Salizar's adjustment of status request, but explicitly stated that he did not base his denial on Delgado-Salizar's failure to file the paperwork. Accordingly, Delgado-Salizar has failed to demonstrate that he was prejudiced by the IJ's decision. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

II

Delgado-Salizar next contends that the IJ violated his Due Process rights by permitting the government to "cross examine" him before his own attorney conducted a direct examination. After the government completed its examination of Delgado-Salizar, his attorney conducted an examination. Thus, Delgado-Salizar had an adequate opportunity to present evidence on his behalf. His hearing was

fundamentally fair and did not violate his Due Process rights. *See Kaur v. Ashcroft*, 388 F.3d 734, 736-37 (9th Cir. 2004).

## III

Finally, Delgado-Salizar claims that the government violated his Due Process rights by failing to enter into evidence a "rap sheet" that it used during its examination of him. The BIA's decision that Delgado-Salizar was not entitled to a waiver of removability was not based on the contents of the rap sheet, but rather on his testimony during the government's examination. Thus, Delgado-Salizar was not deprived of the right to see any evidence used against him, *see* 8 U.S.C. § 1229a(b)(4)(B), nor did the government's actions fail to follow fundamentally fair procedures, *see Kaur*, 388 F.3d at 737.

## IV

Accordingly, Delgado-Salizar's petition for review is

**DENIED.**